IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21045
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE ALBERTO BARRIOS-RAMOS,
also known as Jose Alberto Barrios
also known as Jose Albert Barrios,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-325-1
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

    Jose Alberto Barrios-Ramos (Barrios) appeals the 96-month
sentence imposed following his guilty-plea conviction for illegal
reentry after deportation, in violation of 8 U.S.C. § 1326.  He
contends that the felony conviction that resulted in his
increased sentence under 8 U.S.C. § 1326(b)(2) was an element of
the offense that should have been charged in the indictment.
Barrios acknowledges that his argument is foreclosed by the
Supreme Court's decision in Almendarez-Torres v. United States,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001). Barrios's argument is foreclosed.

Barrios also argues that his indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent. Because Barrios did not present this argument to the district court, review is under a "maximum liberality" standard. See United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000), cert. denied, 121 S. Ct. 2600 (2001).

Barrios's indictment "fairly conveyed that [his] presence was a voluntary act from the allegations that he was deported, removed, and subsequently present without consent of the Attorney General." See United States v. Berrios-Centeno, 250 F.3d 294, 299-300 (5th Cir. 2001). Accordingly, his indictment sufficiently alleged the general intent required of 8 U.S.C. § 1326 offenses. See id. at 297-300.

AFFIRMED.